NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROCKSTONE CAPITAL, LLC,<br><br>                       Appellant,<br><br>      v.<br><br>STEWART D. ASHENBERG,<br><br>                       Appellee. | Civil Action No. 13-0211<br>(SDW)<br><br><br>**OPINION**<br><br><br>September 18, 2013 |

**WIGENTON**, District Judge.

Before the Court is Rockstone Capital, LLC's ("Appellant") appeal of an order from the United States Bankruptcy Court, District of New Jersey, entered on October 16, 2012, in which the Bankruptcy Court determined that the debt owed by Stewart Ashenberg ("Appellee" or "Ashenberg") to Appellant is dischargeable ("Bankruptcy Court's Order").

This Court has jurisdiction to hear appeals of final judgments and orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons discussed below, this Court **AFFIRMS** the Bankruptcy Court's Order.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Bank of America ("BOA") is the successor in interest to Fleet Bank NA t/a Fleet National Bank ("Fleet"), the original lender in this matter. (Compl. ¶ 8.) Appellant is the successor in interest to BOA (hereafter Appellant and BOA (as successors in interests) with Fleet

1

are referred to as the "Bank". (Compl. ¶ 8.) (Compl. ¶ 8.) Appellee is the founder, president and principal shareholder of InPlace Technical Resources, LLC ("InPlace"). (Compl. ¶ 9; Transcript of Bankruptcy Proceeding May 31, 2012 ("Tr.") at 19:3-4.)

In or about September 1998, Fleet advanced Appellee a credit line in the amount of $75,000. (Compl. ¶ 16.) In late 1999 and January 2000, Appellee submitted financial documents to Fleet to increase the line of credit. (Compl. ¶¶ 18-19.) On October 13, 2000, Fleet increased the line of credit to $250,000. (Compl. ¶ 22, Tr. 20:2-11.) Under the terms of the line of credit agreement, Appellee agreed to maintain the Bank as his principal depository. (Tr. 51:19-24.) From approximately 2002 to 2004, InPlace declined financially. (Tr. 41-42.) In November and December of 2004, Appellee transferred a total of $565,000 out of the Bank and into Hudson City Savings ("Hudson") and consequently no longer maintained the Bank as his principal depository. (Tr. 48-52, 55:10-16.) Appellee made the transfer in light of certain business considerations. (Tr. 55:23-24.) For instance, Hudson offered Appellee a money market/checking account with a higher interest rate and an opportunity to participate in the second offering of their Initial Public Offering. (*Id.*)

In June of 2005, the Bank sent a default letter to Appellee requesting payment of the principal balance of the line of credit. (Tr. 43:10-15.) As of August 2005, Appellee had sufficient cash deposits to satisfy the principal payment, but failed to do so. (Tr. 107:1-7.) At that time, Appellee was apparently interested in buying a new business. (Tr. 105:23-24.) In or about October 2006 and through 2007, Appellee transferred the remainder of his cash assets out of Hudson and into Wayne Bank. (Tr. 63:2-7.) As Appellee was looking to conduct business in Pennsylvania and Wayne Bank, which is located in Milford, Pennsylvania, offered a better interest rate than Hudson. (Tr. 86:13-18.)

On January 8, 2007, Appellant filed a complaint in the Superior Court of Essex County, Law Division in order to enforce the debt. (Appellant's Br. 5.) On August 3, 2007, the Superior Court entered judgment in the amount of $335,479 against Appellee. (*Id.*) On January 9, 2008, Appellee filed a Voluntary Petition for relief under Chapter 7 of Title 11 of the United States Code with the United States Bankruptcy Court. (*Id.* at 6.) Appellant subsequently initiated an action seeking to determine that its debt was non-dischargeable under § 523(a)(6) of the Bankruptcy Code. (*Id.*) On October 16, 2012, following a trial, the Honorable Novalyn L. Winfield of the United States Bankruptcy Court, District of New Jersey entered an order that Appellee's debt is dischargeable. On October 25, 2012, Appellant filed the instant appeal of the Bankruptcy Court's Order. [1]

## II. LEGAL STANDARD

This Court reviews the Bankruptcy Court's "factual findings for clear error and its exercise of discretion for abuse thereof." *In re American Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007) (internal citations and quotation marks omitted). A factual finding is clearly erroneous if, in reviewing all the evidence, the reviewing court is left with the "definite and firm conviction that a mistake has been committed," even if there is evidence to support the finding. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." *In re O'Brien Envt'l. Energy, Inc.*, 188 F.3d 116, 122 (3d. Cir. 1999). Additionally, "this Court is limited to review of the evidence before the Bankruptcy Court and which was made a part of the record at the time the [ ] decision was rendered." *In re Halvajian*, 216 B.R. 502, 509 (D.N.J. 1998)

---

[1] Although Judge Winfield did give Appellant ten days to file for reconsideration, a motion for reconsideration was not filed. (Tr. 149:1-23.)

3

(stating that "in deciding the current appeal, [the] Court will disregard any pleadings not in the record before the Bankruptcy Court, in addition to any facts not supported by citations to the record.")

## III. DISCUSSION

Appellant alleges that Ashenberg induced Fleet to extend credit due to "various material misrepresentations of fact" and prevented Fleet from "accurately assessing the credit worthiness of InPlace and Ashenberg" and his personal Guaranty. (Compl. ¶¶ 50-52.) In the moving papers, Appellant asserts that "[w]ith intent to defraud the Bank and willfully destroy the Bank's property interest in the Note evidencing the debt, the Bank's common law and contractual right of setoff, and in the personal Guaranty given by Ashenberg . . . Ashenberg rendered InPlace insolvent by fraudulently transferring its assets." (Appellant's Br. 4.) However, Appellant has not been able to sufficiently support the allegation that Ashenberg intended to defraud or cause injury to the Bank.

Following a trial, where Judge Winfield was in a position to assess credibility, she found that Appellant had not shown that Appellee *intended* to cause *injury* to the Bank. Judge Winfield noted that the funds were used to operate and maintain a business, and that Appellee believed that he just needed to keep paying interest after a demand was made. (Tr. 144:6-145:7.) Judge Winfield determined that Appellant had not met the evidentiary requirement to show Appellee intended injury, specifically the destruction of the security interest. Ultimately, Judge Winfield found the debt was dischargeable.

Pursuant to 11 U.S.C. § 523(a)(6), discharge for debt under the covered sections would not be available for any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." As the Supreme Court noted in *Kawaauhau v. Geiger*, "[t]he

word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." 523 U.S. 57, 61 (1998). *See also In re Conte*, 33 F.3d 303, 309 (1994) ("the Bankruptcy Code requires at least a deliberate action that is substantially certain to produce harm . . . a high probability of producing harm . . . does not establish that . . . conduct was substantially certain to produce such injury.")

Judge Winfield's decision was not clearly erroneous in light of the record before this Court. Appellant fails to meet its burden under 11 U.S.C. § 523(a)(6). Accordingly, this Court will affirm Judge Winfield's decision, documented in the Bankruptcy Court's Order.

**CONCLUSION**

For the reasons stated above, this Court will **AFFIRM** the Bankruptcy Court's Order**.**

s/Susan D. Wigenton, U.S.D.J.

Orig: Clerk
Cc: Parties